UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 14-20305-LENARD-O'SULLIVAN

UNIVERSAL HANDICRAFT, INC. dba
DEEP SEA COSMETICS, a Florida
corporation,

                Plaintiff,

vs.

HARTFORD CASUALTY INSURANCE
COMPANY, a Connecticut corporation,

                Defendant.

## PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT ON DEFENDANT'S DUTY TO DEFEND

### Oral Argument Requested

Pursuant to Federal Rule of Evidence 201, Plaintiff Universal Handicraft, Inc. d/b/a Deep Sea Cosmetics ("Universal") asks the Court to take judicial notice of the following materials:

1. The definition of the word "literary" from Random House Unabridged Dictionary, p. 1122 (2d ed. 1993) ("Random House"). A true and correct copy of the relevant page is attached as **RJN Exhibit "5."**

2. The definition of the word "artistic" from Random House, p. 119. A true and correct copy of the relevant page is attached as **RJN Exhibit "6."**

3. The definition of the word "copying" from Random House, p. 448. A true and correct copy of the relevant page is attached as **RJN Exhibit "7."**

4. Jean Cocteau's novel *j'adore*, published by B. Grosset on January 1, 2009. A true copy of the title page is attached as **RJN Exhibit "8."**

5. Isabelle Lafleche's novel *J'ADORE New York*, published on October 4, 2011, and *J'ADORE Paris*, published on August, 10, 2013. True copies of the title pages are attached collectively as **RJN Exhibit "9."**

6. The Dior website, http://www.dior.com/beauty/usa/en/women_fragrance_and_men_fragrance_by_christian_dio/women-fragrance/jadore/ ljadorefpl.html, which displays an artistic image of Charlize Theron. A copy of the webpage is attached as **RJN Exhibit "10."**

7. Universal's complaint. A true copy of the complaint is attached as **RJN Exhibit "11."**

Dated: February 18, 2014                                  Respectfully submitted,

 /s/ David H. Charlip
David H. Charlip, Esq.                                    David A. Gauntlett, Esq. *[Pro Hac Vice]*
CHARLIP LAW GROUP L.C.                                    GAUNTLETT & ASSOCIATES
17501 Biscayne Boulevard                                  18400 Von Karman, Suite 300
Suite 510                                                 Irvine, California 92612
Aventura, Florida 33160                                   Telephone: (949) 553-1010
Telephone: (305) 354-9313                                 Facsimile: (949) 553-2050
Facsimile: (305) 354-9314                                 info@gauntlettlaw.com
dcharlip@charliplawgroup.com

Attorneys for Plaintiff Universal Handicraft, Inc. dba Deep Sea Cosmetics

## TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................................................1

II. REQUESTS FOR JUDICIAL NOTICE ("RJN") NOS. 5, 6 AND 7 SHOULD BE JUDICIALLY NOTICED BECAUSE THE COURT MAY TAKE JUDICIAL NOTICE OF DICTIONARY DEFINITIONS ............................................1

III. RJN NOS. 8 AND 9 SHOULD BE JUDICIALLY NOTICED BECAUSE THE NOVELS ARE VERIFIABLE FACTS AND SEEK TO INDICATE WHAT WAS IN THE PUBLIC REALM AT THE TIME ............................................1

IV. RJN NO. 10 SHOULD BE JUDICIALLY NOTICED BECAUSE RULE 201 ALLOWS JUDICIAL NOTICE OF WEBSITE OR EXCERPTS THEREOF ...........2

V. RJN NO. 11 SHOULD BE JUDICIALLY NOTICED BECAUSE THE COURT MAY TAKE JUDICIAL NOTICE OF RECORDS OF ANY COURT OF THE UNITED STATES ............................................................................5

   A. The Court May Take Judicial Notice of Court Documents to Establish the Fact of the Litigation and Admissions that Were Made .............................5

   B. The Court May Judicially Notice Court Documents Filed in Another Court, and Therefore Necessarily Can Take Judicial Notice of Documents Filed in This Court ..............................................................................5

   C. The Court May Judicially Notice of Public Records Produced on PACER That Have a Relation to Matters at Issue ..............................................6

VI. CONCLUSION ........................................................................................................................7

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  INTRODUCTION**

Under Federal Rule of Evidence 201(d), a trial court may take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). Judicial notice of a fact is appropriate if it is ". . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

**II.  REQUESTS FOR JUDICIAL NOTICE ("RJN") NOS. 5, 6 AND 7 SHOULD BE JUDICIALLY NOTICED BECAUSE THE COURT MAY TAKE JUDICIAL NOTICE OF DICTIONARY DEFINITIONS**

This Court may take judicial notice of reference books, including dictionaries. *Comerica Bank v. Lexington Ins. Co.*, 3 F.3d 939, 944 (6th Cir. 1993) (taking judicial notice of Webster's Dictionary definition of "arising"); *Krohmer–Burkett v. Hartford Life & Acc. Ins. Co.*, 803CV873T30MAP, 2005 WL 2614503, at *3, n.6 (M.D. Fla. Oct. 14, 2005) (taking judicial notice of the definition of "stenosis" from Merriam Webster Medical Dictionary's website); *Cose v. Getty Oil Co.*, 4 F.3d 700, 705 (9th Cir. 1993) (citing *Wilshire Westwood Assocs. v. Atlantic Richfield Corp.*, 881 F.2d 801, 803 (9th Cir. 1989) (taking judicial notice of definitions of the words "fraction" and "petroleum" from Webster's Third New International Dictionary Unabridged (1981)). Courts admit dictionary definitions because they are not subject to reasonable dispute.

Because the Random House definitions of the words "literary," "artistic," "copying" are beyond reasonable dispute, the court should take notice of them.

**III.  RJN NOS. 8 AND 9 SHOULD BE JUDICIALLY NOTICED BECAUSE THE NOVELS ARE VERIFIABLE FACTS AND SEEK TO INDICATE WHAT WAS IN THE PUBLIC REALM AT THE TIME**

Courts "may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010). For example,

newspaper publications may be noticed because "newspaper publications 'serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true' and their publication is 'not subject to reasonable dispute in that it is ... capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned.'" *Kynes v. PNC Mortgage*, 1:12-CV-4477-TWT, 2013 WL 4718294 (N.D. Ga. Aug. 30, 2013), citing to *Alliance Premier Growth Fund v. Alliance Capital Mgmt.*, 435 F.3d 396, 401 n. 15 (3d Cir. 2006). *See also Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 401 (3d Cir. 2006) ("We see no basis to upset the District Court's decision to take judicial notice of newspaper articles supplied by appellees. . . . Whether appellants read the articles or were aware of them is immaterial. They serve only to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.").

Here, Universal offers the novels written by Jean Cocteau and Isabelle Lafleche to show that the novels were in the public realm at the time Universal used the term "J'adore." Like the newspaper publications, the novels are not being used to show that the contents of the novels are in fact true. Furthermore, the novels are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The novels are easily verifiable by performing a search on any internet engine or marketplace, such as Google or Amazon Books. Therefore, this Court may take judicial notice of **RJN Exhibits "8" and "9."**

IV. **RJN NO. 10 SHOULD BE JUDICIALLY NOTICED BECAUSE RULE 201 ALLOWS JUDICIAL NOTICE OF WEBSITE OR EXCERPTS THEREOF**

Courts may take judicial notice of excerpts from public websites where the excerpts are not offered for the truth of their contents. *Sullivan v. Kelly Servs., Inc.*, No. C 07-2784 CW, 2008 WL 4891051, at *2 (N.D. Cal. November 12, 2008). Judicial notice of websites has long been appropriate. *See, e.g., R.S.B. Ventures, Inc. v. F.D.I.C.*, 514 F. App'x 853, 859 n.2 (11th Cir. 2013) (taking judicial notice of the information found on the FDIC's website); s*ee also In re Everglades Island Boat Tours, LLC*, 484 F.Supp.2d 1259, 1261 (M.D. Fla. 2007) (taking judicial

notice of government website); *Mawulawde v. Bd. of Regents of Univ. Sys. of Georgia*, CV 105-099, 2007 WL 2460774 (S.D. Ga. Aug. 24, 2007) (taking judicial notice of the Medical College of Georgia's website, "which constitutes a matter of public record"); *Hendrickson v. eBay, Inc.*, 165 F.Supp.2d 1082, 1084 (C.D.Cal.2001) (taking judicial notice of defendant's website).

  Here, Universal does not request judicial notice of pages or documents from this website in order to establish the truth of the statements contained therein. Rather, Universal simply offers the webpage to provide a reference to the artistic image of Charlize Theron provided by Dior to represent its J'Adore products. The artistic image contains stylized, cinematic, and theatrical elements, and the webpage is offered to show that Dior describes its products in this fashion. Furthermore, the website is readily verifiable by reference to the website address provided. The Court can access the webpage at: http://www.dior.com/beauty/usa/en/women_fragrance_and _men_fragrance_by_christian_dio/women-fragrance/jadore/ljadorefpl.html. It can easily verify from that web address that the J'Adore products are advertised with the image referenced above in **RJN Exhibit "10."**

  Substantive Florida law supports judicial consideration of facts even when not attached to the underlying complaint because "[Florida] **courts do not determine the duty to defend solely by reference to the complaint's wording, without regard to the bigger picture.**" *Creative Hospitality Ventures, Inc. v. United States Liab. Ins. Co.*, 655 F. Supp. 2d 1316, 1325 (S.D. Fla. 2009) (emphasis added). "The duty to defend is not determined by the complaint's wording alone." *Keen v. Florida Sheriffs' Self-Insurance Fund*, 962 So. 2d 1021, 1024 (Fla. Dist. Ct. App. (4th Dist.) 2007). Rather, courts in "four corners" states consider not only the underlying complaint's allegations but also documents attached to the complaint or "**integral to and explicitly relied on in the complaint**" where the document's "authenticity is not challenged." *CACI, Int'l v. St. Paul Fire & Marine Ins. Co.*, 567 F. Supp. 2d 824, 831-32 (E.D. Va. 2008), *aff'd on other grounds*, 566 F.3d 150 (4th Cir. 2009) (emphasis added) (applying the law of Virginia which, like Florida, is a "four corners" state for insurance coverage assessment purposes). *See also Long v. Slaton*, 508 F.3d 576, 578 n.3 (11th Cir. 2007) (noting the court is

not always limited to the four corners of the complaint and taking judicial notice of undisputed facts contained in a report from a state agency); *Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir.2007) (holding that documents referenced by plaintiff in complaint may be considered if the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to motion to dismiss).

In *Trailer Bridge, Inc. v. Illinois Nat. Ins. Co.*, the 11th Circuit adopted the district court's decision in its entirety. 657 F.3d 1135 (11th Cir. 2011). In doing so, the 11th Circuit not only addressed this issue, but also reaffirmed the district court's order. In footnote three, the 11th Circuit acknowledged that "the district court considered the entirety of the interview given by Trailer Bridge's CEO, and not just the part thereof referred to in the complaint." *Trailer Bridge*, 657 F.3d at 1139 n.3. This is significant because although the contents of the interview were not attached to the complaint, the court still considered it in its entirety. Therefore, the inference can be drawn that the 11th Circuit affirmed the district court's consideration of the entire interview, and may be referenced herein.

Similar to *Trailer Bridge,* the Dior website was referenced in the complaint, but the contents of the website were not attached. Substantively, the Dior website should be considered because: (1) the website is "integral to and explicitly relied on" in the underlying complaint; and (2) its "authenticity is not challenged." The website is integral to and explicitly relied on in the underlying complaint because the website contains an artistic image of Charlize Theron used by Dior to represent J'ADORE products. Furthermore, the authenticity of the website's content is not disputed. As in *Trailer Bridge*, this Court should consider the contents of the website because the website was referenced in the complaint, the website is integral to and explicitly relied on in the underlying complaint, and the authenticity of the website is not disputed. Therefore, **RJN Exhibit "10"** is appropriate for judicial consideration.

V. **RJN NO. 11 SHOULD BE JUDICIALLY NOTICED BECAUSE THE COURT MAY TAKE JUDICIAL NOTICE OF RECORDS OF ANY COURT OF THE UNITED STATES**

    A. **The Court May Take Judicial Notice of Court Documents to Establish the Fact of the Litigation and Admissions that Were Made**

Plaintiff Universal requests that the Court take judicial notice of **RJN Exhibit "11,"** a copy of Universal's Complaint (the "Complaint") filed in *Universal Handicraft, Inc. v. Parfums Christian Dior, S.A.*, in the U.S. District Court, Southern District of Florida, Case No. 13-CV-20872. This document is the actual complaint Universal filed that led to the answer and counterclaim by Dior.

A court may take "judicial notice of the fact that the aforementioned proceedings occurred" and "note[ ] the subject matter thereof." *Evanston Ins. Co. v. Premium Assignment Corp.*, 8:11-CV-2630-T-33TGW, 2012 WL 5877966, *2 (M.D. Fla. Nov. 20, 2012). In *F.D.I.C. v. Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A.*, the court "[took] judicial notice of the state court Amended Complaint and Answer 'for the limited purpose of recognizing . . . the subject matter of the litigation.'" 8:11-CV-2831-T-33MAP, 2013 WL 1912838, *2 (M.D. Fla. May 9, 2013). The FDIC did not "seek a finding that the allegations contained within the state court pleadings [were] true." *Id.* Instead, the FDIC sought judicial notice of the filing of these pleadings "to establish the fact of the litigation and the admissions that were made." *Id.* Here, similar to *F.D.I.C.*, Universal does not seek judicial notice of these court documents to show that the allegations contained within them are true. Instead, Universal seeks to establish the fact of the litigation and the admissions that were made. Therefore, judicial notice of the Complaint is appropriate.

    B. **The Court May Judicially Notice Court Documents Filed in Another Court, and Therefore Necessarily Can Take Judicial Notice of Documents Filed in This Court**

"A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994). *See, e.g., Ebeh v.*

*St. Paul Travelers*, No. 8:09-CV-2628-T-27TBM, 2010 WL 5553687, *3 (M.D. Fla. Oct. 6, 2010) (Court found it appropriate to take judicial notice of the specific state court pleadings referenced and filed with the court in another action.); *see also Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1080 n.9 (11th Cir. 2013) ("Although this matter is before the court on a motion to dismiss, we may take judicial notice of the court documents from the state eviction action"); *F.D.I.C. v. O'Flahaven*, 857 F. Supp. 154, 157 (D.N.H. 1994) (Court could take notice that affidavits from a state court case were filed and that the averments were in fact made, but the court could not judicially notice the veracity of the allegations therein.)

Here, Universal is requesting judicial notice of the Complaint in our own action. Because courts readily permit judicial notice of court documents outside the pending action, it is clear that when judicial notice is requested for a pleading in the same suit, the reasons those courts found it appropriate to take judicial notice apply with added force here. As in the cited cases above, Universal seeks judicial notice of the Complaint in order to establish the fact of such litigation, and therefore that fact is properly subject to judicial notice.

### C. The Court May Judicially Notice of Public Records Produced on PACER That Have a Relation to Matters at Issue

Additionally, "[p]ublic records are among the permissible facts that a district court may consider." *Universal Express, Inc. v. U.S. S.E.C.*, 177 Fed. Appx. 52, 53 (11th Cir. 2006). This Court may take judicial notice of court documents, particularly if produced from PACER if they have a relation to matters at issue. *In re Severino*, No. 2:10-cv-411-ftm-29, 2011 WL 1118521, at *1 (M.D. Fla. Mar. 25, 2011) ("Copies of the relevant documents are included in the record ... and the [court] takes judicial notice of the underlying dockets as available through PACER.").

Here, the Complaint meets the criteria as a PACER-produced document containing material with a direct relation to matters at issue. The Complaint is "relevant" to this action because it provides statements made by Universal and Dior in relation to the underlying action. For example, the Complaint provides: (1) statements that describe the products that Dior uses the "J'Adore" mark in conjunction with, (2) statements that describe the way the mark appears on

Dior's products, and (3) a concession by Dior in its answer that the term 'J'Adore translates literally to "I love," "I adore," or "I worship." These statements provide background information about the underlying action and Dior's products that clarify why the "literary or artistic title" offense is implicated.  The Complaint is obtained from an indisputable source and contains material with a "direct relation" to matters of law that Dior admits are at issue in this action.  This Court should therefore take judicial notice of **RJN Exhibit "11."**

## VI.   CONCLUSION

Based on the foregoing, the Court should take judicial notice of **RJN Exhibits "5"** through **"11."**

Dated:  February 20, 2014                                          Respectfully submitted,

 /s/ David H. Charlip
David H. Charlip, Esq.                                             David A. Gauntlett, Esq. *[Pro Hac Vice]*
CHARLIP LAW GROUP L.C.                                             GAUNTLETT & ASSOCIATES
17501 Biscayne Boulevard, Suite 510                                18400 Von Karman, Suite 300
Aventura, Florida  33160                                           Irvine, California  92612
Telephone:  (305) 354-9313                                         Telephone:  (949) 553-1010
Facsimile:   (305) 354-9314                                        Facsimile:   (949) 553-2050
dcharlip@charliplawgroup.com                                       info@gauntlettlaw.com

Attorneys for Plaintiff Universal Handicraft, Inc. dba Deep Sea Cosmetics

## Certificate of Service

I HEREBY CERTIFY that this document(s) was filed through the ECF system, sent electronically and paper copies served via Federal Express on February 20, 2014, on counsel for parties of record on the Service List below.

/s/ David H. Charlip

## SERVICE LIST

Sina Bahadoran, Esq.
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, Florida  33134-6044
Telephone:  (305) 358-7747
Facsimile:   (305) 577-1063
sbahadoran@hinshawlaw.com

Attorneys for Defendant
Hartford Casualty Insurance Company