**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

UNIVERSAL HANDICRAFT, INC.
dba DEEP SEA COSMETICS,
a Florida corporation,

      Plaintiff,

vs.

HARTFORD CASUALTY INSURANCE           CASE NO: 14-20305-LENARD-O'SULLIVAN
COMPANY, a Connecticut corporation,

      Defendant.

_____/

**HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER AND AFFIRMATIVE**
**DEFENSES TO UNIVERSAL HANDICRAFT, INC.'S COMPLAINT**

HARTFORD CASUALTY INSURANCE COMPANY ("Hartford") answers the complaint

[DE 1] filed by UNIVERSAL HANDICRAFT, INC. dba DEEP SEA COSMETICS ("Universal"),

as follows:

**[JURISDICTIONAL ALLEGATIONS]**

1.      Admitted for jurisdictional purposes only.

2.      Admitted for jurisdictional purposes only.

3.      Admitted.

4.      Admitted for jurisdictional purposes only.

5.      Admitted for jurisdictional purposes only.

6.      Admitted for jurisdictional purposes only.

7.      Admitted for jurisdictional purposes only.

**[GENERAL ALLEGATIONS]**

8.      Hartford admits it issued Policy No. 21 SBM ZJ3573, effective January 12, 2013

through January 12, 2014.  Otherwise, the policy speaks for itself and need not be admitted

or denied.

9.      The policy speaks for itself and need not be admitted or denied.  Hartford denies Universal's characterization of the policy terms.

10.     The policy speaks for itself and need not be admitted or denied.  Hartford denies Universal's characterization of the policy terms.

11.     The policy speaks for itself and need not be admitted or denied.  Hartford denies Universal's characterization of the policy terms.

12.     Without knowledge, therefore denied.

13.     Without knowledge, therefore denied.

14.     This paragraph is unintelligible as phrased.  To the extent an answer is required, Hartford is without knowledge, therefore denied.

15.     Without knowledge, therefore denied.

16.     Without knowledge, therefore denied.

17.     Without knowledge, therefore denied.

18.     Without knowledge, therefore denied.

19.     Without knowledge, therefore denied.

20.     Without knowledge, therefore denied.

21.     Without knowledge, therefore denied.

22.     Without knowledge, therefore denied.

23.     Without knowledge, therefore denied.

24.     The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

25.     The underlying pleading speaks for itself and need not be admitted or denied.

14916171 0955552

Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

26.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

27.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

28.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

29.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

30.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

31.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

32.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

33.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

34.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

35.    The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

36.    Hartford admits it sent the letter attached as Exhibit 3.  The letter speaks for itself and need not be admitted or denied.  Except as admitted, denied.

14916171 0955552

37.     Hartford admits it sent the letter attached as Exhibit 3.  The letter speaks for itself and need not be admitted or denied.  Except as admitted, denied.

38.     Hartford admits it sent the letter attached as Exhibit 3.  The letter speaks for itself and need not be admitted or denied.  Except as admitted, denied.

39.     Without knowledge regarding the terms of the settlement, therefore denied. Hartford also specifically denies the remainder of the allegations.

## [PERSONAL AND ADVERTISING INJURY COVERAGE]

40.     The policy and the letter speak for themselves and need not be admitted or denied. Hartford also specifically denies the remainder of the allegations.

41.     The policy speaks for itself and need not be admitted or denied.  Hartford also specifically denies the remainder of the allegations.

42.     Denied.

43.     Denied.

44.     Denied.

45.     The policy speaks for itself and need not be admitted or denied.  Hartford otherwise denies the allegations, including Universal's characterization of the policy.

46.     Denied.

47.     The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

48.     The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

49.     The underlying pleading speaks for itself and need not be admitted or denied. Hartford otherwise denies the allegations, including Universal's characterization of the pleading.

14916171 0955552

50.     The policy and the letter speak for themselves and need not be admitted or denied. Except as set forth herein, Hartford denies the allegations in the paragraph, and further, Hartford denies that Universal is entitled to any relief or damages whatsoever as against Hartford, or that the underlying pleading triggers Hartford's duty to defend.

51.     The policy speaks for itself and need not be admitted or denied.  Hartford denies Universal's characterization of the policy terms.  Except as specifically set forth herein, Hartford is without knowledge of the allegations, therefore denied.

52.     Denied.

53.     This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Hartford denies the allegations.  Further, Hartford denies that Universal is entitled to any relief or damages whatsoever as against Hartford, or that the underlying pleading triggers Hartford's duty to defend.

54.     This paragraph sets forth legal conclusions to which no response is required. To the extent a response is required, Hartford denies the allegations.  Further, Hartford denies that Universal is entitled to any relief or damages whatsoever as against Hartford, or that the underlying pleading triggers Hartford's duty to defend.

**[EXCLUSIONS]**

55.     Denied.

56.     Denied.

57.     Denied.

58.     Without knowledge regarding the factual allegations and therefore denied.  Also, this paragraph sets forth legal conclusions to which no response is required.  To the extent a response is required, Hartford denies the allegations.

14916171 0955552

59.     Denied.

60.     Denied.

## COUNT I

61.     Hartford incorporates its responses to paragraphs 1–60.

62.     Denied.

63.     Denied.

64.     Admitted for jurisdiction purposes only.

65.     Admitted that the allegations of an underlying pleading generally informs the inquiry regarding the duty to defend.  Except as admitted, denied.

66.     Admitted that the court has jurisdiction.  Except as admitted, denied.

All allegations in the *ad damnum* clause ("wherefore") are denied.

All allegations in the complaint not specifically admitted are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, by the terms, provisions, exclusions, conditions and limitations contained in the Hartford policy.

### Second Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, to the extent that the events giving rise to the Underlying Claim do not constitute "personal and advertising injury" under the Hartford policy.

### Third Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, to the extent that the Underlying Claim does not constitute damages that the insured becomes legally obligated to pay

14916171 0955552

"because of" "personal and advertising injury" to which the insurance applies.

### Fourth Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, to the extent that Universal concealed, misrepresented, or failed to disclose facts that are material to the risk undertaken by Hartford.

### Fifth Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, to the extent that any "personal and advertising injury" for which Universal seeks coverage was not caused by an offense arising out of the insured's business.

### Sixth Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, to the extent that any "personal and advertising injury" for which Universal seeks coverage was not committed during the policy period.

### Seventh Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, under various policy exclusions including, but not limited to, exclusions in paragraph B.1.p, including but not limited to: exclusion (1) relating to publication of material done by or at the direction of the insured with knowledge of its falsity; exclusion (2) relating to publication of material whose first publication took place before the beginning of the policy period; exclusion (5) relating to failure of goods, products or services to conform with any statement of quality or performance made in "advertisement"; exclusion (7)(a) relating to infringement or violation of any intellectual property right, such as copyright, patent, trademark, trade name, trade secret, service mark or other designation of origin or authenticity; exclusion (7)(b) relating to any injury or damage

14916171 0955552

alleged in any claim or "suit" that also alleges an infringement or violation of any intellectual property right; and/or exclusion (10) relating to unauthorized use of another's name or product in your e-mail address, domain name or metatags, or any other similar tactics to mislead another's potential customers.

### Eighth Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, to the extent that the "personal and advertising injury" for which coverage is sought does not arise out of copying, in your "advertisement," a person's or organization's "advertising idea" or "style of "advertisement," as those terms are defined in the Hartford policy.

### Ninth Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, to the extent that the "personal and advertising injury" for which coverage is sought does not arise out of or was not caused by "advertisement," as that term is defined in the Hartford policy.

### Tenth Affirmative Defense

Coverage for the Underlying Claim is barred, in whole or in part, to the extent that the claims for which Universal seeks coverage under the Hartford policy did not arise out of or were not because of "personal and advertising injury," as that term is defined in the Hartford policy; nor does the Underlying Claims qualify as an "offense" under the Hartford policy's "personal and advertising injury" definition.

### Eleventh Affirmative Defense

If this Court determines that Hartford has any defense or indemnity obligation, Hartford has the right to allocate or reallocate all sums, costs, fees and expenses it incurs to other responsible parties, indemnitors, and/or insurers.

14916171 0955552

**Twelfth Affirmative Defense**

Universal does not describe its claim with sufficient particularity to allow Hartford to determine all of its available defenses (including all defenses based upon the terms, conditions or exclusions of any contracts of insurance).   Indeed, the paragraphs are replete with argument and are at times altogether incomprehensible due to the compound nature of the propositions. Hartford accordingly reserves the right to assert all defenses that may be pertinent to the complaint once the precise nature of the claim is ascertained through discovery and investigation. Hartford specifically reserves the right to amend this answer to assert such additional affirmative defenses and applicable contract terms, provisions, exclusions, conditions and limitations as may become apparent during the course of discovery.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

/s/ SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
sbahadoran@hinshawlaw.com
2525 Ponce de Leon Boulevard
4th Floor
Miami, Florida 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 5, 2014, I e-filed this document using the CM/ECF system.  I further certify that I am unaware of any non-CM/ECF participants.

/s/ ERIC A. HILLER
ERIC A. HILLER

14916171 0955552